# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | CRIMINAL NO. 13-0279-WS |
| ) | |
| CEDRIC HUNTER, ) | |
| ) | |
|     **Defendant.** ) | |

## ORDER

    This matter comes before the Court on defendant's Motion to Reconsider Denial of Motion to Suppress and Dismiss (doc. 27).

    On February 6, 2014, defendant, Cedric Hunter, by and through counsel, filed a six-page Motion to Suppress and Dismiss (doc. 16), in which he raised multiple Fourth Amendment challenges to his interactions with law enforcement officers and the evidence collected pursuant to same. The Motion did not include a request for evidentiary hearing, nor did the content of the Motion reflect any material factual disputes. Instead (with one exception that is not material), the fact section of the Motion simply recounted the Government's version of the facts, without indicating (i) that defendant disagreed with those facts, (ii) what defendant's version of the facts was, or (iii) why any resulting discrepancy matters for Fourth Amendment purposes.

    The undersigned promptly entered a briefing schedule via Order (doc. 17) dated February 7, 2014. That Order specified that the Government was to file a response on or before February 14, and allowed Hunter to submit a reply on or before February 19, 2014. The Government filed a timely Response (doc. 20), including a detailed four-page statement of facts that (in all material respects) conformed to and elaborated on that stated in defendant's Motion. For whatever reason, defendant elected not to file a reply. As such, when the Motion to Suppress became ripe on February 19, 2014, the Court was confronted with a singular, uncontested version of the material facts, and an expressed disagreement between the parties as to the legal conclusions properly drawn from those facts.

    As defense counsel well knows from his extensive experience in this District Court, evidentiary hearings are not automatically set whenever a motion to suppress is filed. This local

practice is informed by decades of unequivocal appellate precedent. *See, e.g., United States v. Cooper*, 203 F.3d 1279, 1285 (11th Cir. 2000) ("Defendants are not entitled to an evidentiary hearing based on a 'promise' to prove at the hearing that which they did not specifically allege in their motion to suppress."); *United States v. Richardson*, 764 F.2d 1514, 1527 (11th Cir. 1985) (district court "may refuse a defendant's request for a suppression hearing … if the defendant fails to allege facts that, if proved, would require the grant of relief"); *United States v. Sneed*, 732 F.2d 886, 888 (11th Cir. 1984) ("The concepts of due process do not require that a defendant who fails to make the fundamental allegations in his motion to suppress be afforded a pretrial hearing on his motion."); *United States v. Harrelson*, 705 F.2d 733, 737 (5th Cir. 1983) ("Evidentiary hearings are not granted as a matter of course [on a motion to suppress], but are held only when the defendant alleges sufficient facts which, if proven, would justify relief."); *United States v. Poe*, 462 F.2d 195, 197 (5th Cir. 1972) ("The question is whether the allegations of the moving papers … are sufficiently definite, specific, detailed, and nonconjectural, to enable the court to conclude that a substantial claim is presented. If the allegations are sufficient and factual issues are raised, a hearing is required.") (citation omitted); *United States v. Horne*, 2006 WL 2668919, *5 (11th Cir. Sept. 18, 2006) (district court properly decided motions to suppress without a hearing where "Horne's motions presented issues of law, not fact," and "[n]either motion raised a disputed issue of fact that required resolution in an evidentiary hearing"); *United States v. Coriette*, 2006 WL 690851, *2 (11th Cir. Mar. 20, 2006) (finding no error in district court's resolution of motion to suppress without a hearing where only specific factual allegation in motion was clearly without merit, and remainder of motion traded in legal arguments and conclusory statements).

As of February 19, 2014, when the Motion to Suppress became ripe, it was pellucidly clear to this Court that an evidentiary hearing was unnecessary. Hunter had not alleged any material facts that diverged from the Government's, much less the sort of sufficiently definite, specific and detailed facts that, if proven, would have justified relief. He had identified no reason why an evidentiary hearing might be helpful in this case, and indeed had failed even to request a hearing. Again, this Court does not fix evidentiary hearings as a kneejerk reaction to the filing of every motion to suppress. Doing so would serve no constructive purpose, but would be both inefficient and disrespectful to the valuable time of litigants, counsel and judicial staff alike. Therefore, in accordance with the local practice and the unbroken line of Eleventh Circuit

precedent described above, the Court took Hunter's Motion to Suppress under submission without an evidentiary hearing. On the facts and briefs submitted, and in light of the foregoing authorities, it would have been irresponsible and wasteful to do otherwise. Substantial judicial resources were expended in crafting an eight-page ruling analyzing and rejecting each of Hunter's four legal challenges to his detentions and arrests in this case. The resulting written Order (doc. 22) entered on February 25, 2014 denied Hunter's Motion to Suppress in its entirety.

Much to the undersigned's surprise, defense counsel filed a Motion to Reconsider just two days later. In that Motion, defense counsel insists (for the first time) that Hunter contests the veracity of numerous specific material facts articulated in the Government's response and relied upon by this Court's February 25 Order. His excuses for not so informing the Court previously wither under even mild scrutiny. For example, defense counsel complains that when he filed the Motion to Suppress, he could not contest the Government's facts that he did not know would be asserted. But Hunter had already received the full benefit of discovery when he filed his Motion, so he knew (or should have known) the Government's version of the facts. Indeed, he recited many of the Government's facts in his Motion, without offering any contrary facts or even expressing disagreement with them. What's more, the Court granted Hunter an opportunity to file a reply for precisely that purpose, yet defendant chose to file nothing. Defense counsel next protests that this Court's briefing schedule did not notify him that silence "would somehow constitute a waiver" on his part. (Doc. 27, at 2.) This argument is disingenuous. Counsel cannot and will not be allowed to shift the blame for his own inaction onto this Court. Defense counsel well knew what was required of him to obtain a hearing in this case, yet (for whatever reason) he did not do it. Finally, defendant would distinguish the *Cooper* line of authorities by arguing that the February 25 Order incorrectly relied on the Government's version of the facts, rather than defendant's. Counsel again takes unwarranted liberties. The February 25 Order would have relied on defendant's version of the facts had he presented any that diverged from the Government's in material respects. He did not do so. Again, the fault lies squarely and solely with defense counsel for failing to meet his burden of "alleg[ing] facts that, if proved, would require the grant of relief." *Richardson*, 764 F.2d at 1527.

Notwithstanding the foregoing, the Court has no inclination to bake a *Strickland* issue into this cake by holding Hunter responsible for his attorney's errors. For that reason, the Motion to Reconsider (doc. 27) is **granted**. The Order (doc. 25) entered on February 25, 2014 is

**vacated**, and this matter is hereby set for evidentiary hearing on the Motion to Suppress on **March 18, 2014** at **10:00 a.m.** in Courtroom 2A of the United States District Court, Mobile, Alabama. The Court expects defense counsel to be guided by this Order in future motion practice in this District Court, and trusts that no further abuses will occur.

    DONE and ORDERED this 28th day of February, 2014.

s/ WILLIAM H. STEELE  
CHIEF UNITED STATES DISTRICT JUDGE